FILED
CLERK, U.S DISTRICT COURT

AUG 27 2008

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESAUNDRA JENKINS,<br><br>Petitioner,<br><br>v.<br><br>LEE ANN CHRONES,<br><br>Respondent. | NO. CV 07-5774-SGL (AGR)<br><br>ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the entire file *de novo*, including the Petition, the Magistrate Judge's Report and Recommendation ("R&R"), the Objections to the R&R filed August 20, 2008, and the records and files. Based upon the Court's *de novo* review, the Court agrees with the recommendation of the Magistrate Judge.

Petitioner objects that the Court is not permitted to raise the statute of limitations issue on its own. (Objections at 1.) Petitioner is wrong. *See Day v. McDonough*, 547 U.S. 198, 209, 126 S. Ct. 1675, 164 L. Ed. 2d 376 (2006) ("district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition"). To the extent Petitioner is arguing that Respondent failed to raise the statute of limitations defense and

thereby waived it, Petitioner is incorrect. Respondent raised the statute of limitations defense in its motion to dismiss. (Dkt. No. 25.)

Petitioner objects that the R&R incorrectly interpreted her submission of a Mail Log (attached to Objections as Ex. J). The R&R stated that the California Court of Appeal dismissed her direct appeal on July 18, 2001. (R&R at 2.) The R&R states that Petitioner did not indicate in her opposition to the motion to dismiss when she first received the California Court of Appeal's opinion. (R&R at 5.) As the R&R notes, Petitioner did not submit a Mail Log for 2001. (R&R at 5 n.6.) The Mail Log begins on July 15, 2003. (*Id.*) There is an entry indicating mail was received from the Court of Appeal on August 2, 2003. (R&R at 5; Ex. J at 1.) However, there is no notation as to what document was received from the Court of Appeal on that date. (Ex. J at 1.) The R&R notes that, even assuming Petitioner received the Court of Appeal decision on August 2, 2003, the Petition would still be time-barred. (R&R at 5-6.)

Petitioner now contends that she did not receive the Court of Appeal decision until August 3, 2006. Petitioner argues that, although the "Date Received" column says August 2, 2003, the date in the "Date Entered" column is August 3, 2006. (Objections at 1; Ex. J at 1.) Thus, Petitioner argues, her petition here is not time-barred because she failed to receive notice of the Court of Appeal decision until August 3, 2006, and the reason for that late notice was the prison's negligence.

Petitioner's argument fails. Petitioner did not provide a Mail Log during the period surrounding July 18, 2001, the date on which the Court of Appeal dismissed her direct appeal (LD 3). Accordingly, there is no Mail Log indicating that Petitioner did *not* receive any mail from the Court of Appeal shortly after July 18, 2001. Further, there is no indication as to what mail was received on August 2, 2003, and no reason to believe that the mail received was the 2001 decision. In any event, the year 2006 in the "Date Entered" column is most likely a

typographical error. The first two columns on the Mail Log are "Date Recieved" (sic) and "Date Entered." A review of the four pages of the Mail Log indicates that the dates in the "Date Entered" column are generally on the same day as the corresponding dates in the "Date Recieved" (sic) column, or up to three days later.[1] Thus, the two entries in question show the same month (August) and an entered day in August that is one day later than the received day. Petitioner's argument that a piece of mail was received on a particular day but the fact of its receipt was not entered until years later, coincidentally on a date one day later in the same month, is implausible. Moreover, there is no evidence that the "Date Entered" column reflects the date that mail was delivered to an inmate.

In addition, Petitioner had notice that the Court of Appeal dismissed her appeal on July 18, 2001 no later than March 2005, when the Honorable Edward F. Brodie of the Ventura County Superior Court denied Petitioner's habeas petition. (LD 4.) In his decision, Judge Brodie refers to the Court of Appeal order of July 18, 2001. (*Id.* at 1.) Judge Brodie's decision was mailed to Petitioner on March 17, 2005. (*Id.* at 3.) The Mail Log indicates that on March 22, 2005, the prison received and entered a piece of mail from "Superior Court/Edward F. Brodie, Judge." (Ex. J, Mail Log at 2.)

Even assuming that Petitioner's first notice of the Court of Appeal's decision occurred on March 22, 2005, the Petition would still be time-barred. Absent tolling, the statute of limitations would expire one year later on March 22, 2006. Petitioner filed a second petition in the trial court on June 2, 2005, which was denied on July 11, 2005. (LD 5.) Petitioner is not entitled to statutory tolling for the period from March 22, 2005, until June 2, 2005, because no habeas petition was "pending." *See Thorson v. Palmer,* 479 F.3d 643, 646 (9th Cir.

---

[1] There is only one entry that exceeds three days. The second entry on page four shows a date received of January 23, 2007, and a date entered of February 5, 2007, or 13 days later. (Ex. J, Mail Log at 4.)

3

2007).  Generally, Petitioner is entitled to one full round of collateral state review *Carey v. Saffold*, 536 U.S. 214, 222, 122 S. Ct. 2134, 153 L. Ed. 2d 260 (2002). This Circuit interpreted "one full round" to mean consecutive petitions in the Superior Court, Court of Appeal, and California Supreme Court.  *Welch v. Carey*, 350 F.3d 1079, 1083 (9th Cir. 2003), *cert. denied*, 541 U.S. 1078 (2004). However, even if the period her second state habeas petition was pending in the trial court were statutorily tolled, it would not assist Petitioner.  She did not file a habeas petition in the Court of Appeal until November 22, 2006, one year and four months after the second habeas petition before the trial court was denied on July 11, 2005.[2] (Court of Appeal online docket for Case No. B195132.) After receiving a denial at a lower court, a petitioner must *promptly* file a state habeas petition at the next level.  A six-month delay is considered unreasonably long. *Evans v. Chavis*, 546 U.S. 189, 193, 126 S. Ct. 846, 163 L. Ed. 2d 684 (2006). Therefore, even in this scenario, the Petition would be time-barred.

Finally, Petitioner objects to the R&R's recommendation that Petitioner is not entitled to equitable tolling based on her alleged limited access to the prison law library.  (Objections at 2.)  Petitioner attaches a memorandum from the prison warden dated July 11, 2008, showing "institutional lockdowns and modified program from March 2006 through the present." (Objections, Ex. I.)  Petitioner had requested the information starting in January 2001, but the prison stated that obtaining all of the requested information "would require an extensive search of institutional records, thereby causing an undue burden" on the prison.  (*Id.*) Petitioner argues that it is not her fault she cannot show an alleged law library impediment for the entire relevant period. (Objections at 2.)

---

[2] The Mail Log indicates that mail from the trial court was received on July 15, 2005.  (Ex. J, Mail Log at 2.)

4

Petitioner's letter shows that the prison was on a "modified program" for only approximately 31 days during a period of over three years, March 2006 through June 2008. (Ex. I.) Even assuming that the prison was on a modified program for approximately the same number of days during each three-year period, Petitioner has not shown entitlement to equitable tolling. Petitioner must show that she diligently pursued her rights. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 699 (2005). Petitioner has failed to show when and how she pursued her right to access the law library and yet was not personally permitted access due to a "modified program" or any circumstances beyond her control during the relevant time frames.

IT IS ORDERED that Judgment be entered denying the Petition and dismissing this action with prejudice.

DATED: 8-27-08

STEPHEN G. LARSON
United States District Judge